UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC HATTON,<br><br>Plaintiff,<br><br>v.<br><br>DUSTIN TRIPLET,<br><br>Defendant. | No. 2:21-cv-1206 TLN DB P<br><br><br><br>ORDER |

Plaintiff, a county jail inmate proceeding pro se and in forma pauperis, filed this civil rights action seeking relief under 42 U.S.C. § 1983 for an alleged unconstitutional use of force by Deputy Triplett at the Rio Cosumnes Correctional Center ("RCCC"). (ECF No. 1.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. Before the court is defendant's motion to stay this case pending the resolution of plaintiff's parallel criminal case. (ECF No. 15.) For the reasons set forth, the motion will be denied without prejudice.

**I.    Procedural Background and Motion to Stay**

Plaintiff's complaint alleges Deputy Triplett, a correctional peace officer at RCCC, initiated a physical altercation by "swinging" first at plaintiff. (ECF No. 1 at 3.) Thereafter, when plaintiff was on the ground and handcuffed, plaintiff alleges Deputy Triplett used his right fist to continue to hit plaintiff multiple times. (Id.)

Defendant filed an answer and affirmative defenses on May 26, 2022. (ECF No. 12.) On August 26, 2022, defendant filed the present motion seeking to stay this case during the pendency of plaintiff's associated criminal case. (ECF No. 15.) Plaintiff opposes the motion. (ECF No. 16.) Defendant filed a reply. (ECF No. 17.)

Defendant seeks to stay this proceeding pending plaintiff's prosecution for battery on a peace officer in Sacramento County Superior Court, case number 21FE005620. Defendant states the criminal charge arises from the same underlying incident as plaintiff's civil rights claim. As charged in the criminal case, Defendant Triplett's account of the incident varies from plaintiff's allegations in the civil complaint. According to Deputy Triplett, plaintiff raised his right hand toward Triplett, and Triplett grabbed plaintiff's right hand. Plaintiff then ripped his hand free and punched Triplett twice in the face. Triplett struggled to control plaintiff until plaintiff was handcuffed. (See ECF No. 15-1 at 2.) When the motion to stay was filed on August 26, 2022, plaintiff's criminal case was awaiting a preliminary hearing. (See id.)[1]

Defendant argues abstention and a stay are appropriate based on overlap between the civil action and the pending criminal proceedings. First, relying primarily on Keating v. Office of Thrift Supervision, 45 F.3d 322, 324 (9th Cir. 1995), defendant requests that this action be stayed because the criminal prosecution is based on the same underlying incident as plaintiff's civil claim. (ECF No. 15-1 at 2.) Second, defendant invokes the abstention doctrine announced in Younger v. Harris, 401 U.S. 37 (1971). (ECF No. 29 at 3-4.) The court addresses these arguments in reverse order.

**II.     Legal Standards**

"[F]ederal courts are obliged to decide cases within the scope of federal jurisdiction. Abstention is not in order simply because a pending state-court proceeding involves the same subject matter." Sprint Communications, Inc. v. Jacobs, 571 U.S. 69, 72 (2013). "[O]nly exceptional circumstances justify a federal court's refusal to decide a case in deference to the

---

[1] The court grants defendant's request for judicial notice of documents related to Sacramento County case number 21FE005620 (ECF No. 15-3). See Rule 201, Fed. R. Evid.; United States v. Raygoza-Garcia, 902 F.3d 994, 1001 (9th Cir. 2018) (a court may take judicial notice of undisputed matters of public record, which may include court records).

1   States." New Orleans Pub. Serv., Inc. v. Council of City of New Orleans, 491 U.S. 350, 368

2   (1989). Under Younger v. Harris, 401 U.S. 37 (1971), specifically, "[w]hen there is a parallel,

3   pending state criminal proceeding, federal courts must refrain from enjoining the state

4   prosecution." Sprint, 571 U.S. at 72.

5       Younger prohibits federal courts from directly enjoining state prosecutions, 401 U.S. at

6   45, and also from substantially interfering with ongoing state prosecutions by entertaining claims

7   that seek to enforce the rights of the criminal defendant in the state forum. See Mann v. Jett, 781

8   F.2d 1448, 1449 (9th Cir. 1986) (per curiam). Younger abstention is appropriate if four

9   requirements are met: (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates

10  important state interests; (3) there is an adequate opportunity in the state proceedings to raise

11  constitutional challenges; and (4) the requested relief either seeks to enjoin or has the practical

12  effect of enjoining the ongoing state judicial proceeding. Arevalo v. Hennessy, 882 F.3d 763, 765

13  (9th Cir. 2018).

14      All four elements must be satisfied to warrant abstention under Younger.

15  AmerisourceBergen Corp. v. Roden, 495 F.3d 1143, 1148 (9th Cir. 2007). Younger abstention

16  "remains an extraordinary and narrow exception to the general rule" obligating federal courts to

17  decide federal questions that have been presented. Cook v. Harding, 879 F.3d 1035, 1038 (9th

18  Cir. 2018). Absent abstention, a court may decide in its discretion to stay civil proceedings when

19  the interests of justice seem to require such action under the particular circumstances of the case.

20  See United States v. Kordel, 397 U.S. 1, 12 n.27 (1970).

21      **III.   Discussion**

22          **A.   Younger Abstention**

23      Citing Vicari v. Jackson, No. 2:21-cv-02117-TLN-AC-PS, 2022 WL 1433524 (E.D. Cal.

24  Apr. 13, 2022), defendant argues a Younger abstention has been found on very similar

25  circumstances as exist in this case. (ECF No. 15-1 at 4.) Specifically, defendant argues the first

26  and second Younger abstention factors are met, as they were in Vicari, and that as to the third

27  factor, plaintiff will be able to assert Defendant Triplett used excessive force as a defense to the

28  charge of battery on a peace officer. (See id.)

3

In Vicari, the parallel criminal prosecution was for resisting arrest and, significantly, "[t]here [were] no allegations of force used independently of the arrest." 2022 WL 1433524, at *3. As recognized in Vicari, a case-specific factual inquiry is necessary to evaluate the third and fourth Younger factors. Id. at *2. In this case, at least part of plaintiff's constitutional claim is premised on allegations that Deputy Triplett struck plaintiff multiple times after plaintiff was on the ground in handcuffs. Unlike in Vicari, a decision on the constitutional claim in this case would not necessarily decide the facts pertinent to the criminal charges, and specifically, whether plaintiff punched Deputy Triplett before he was handcuffed. The excessive force claim will focus on Deputy Triplett's actions and "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." See Hudson v. McMillian, 503 U.S. 1, 6-7 (1992). The battery charge against plaintiff will concern whether plaintiff committed a certain act or acts of battery against Deputy Triplett. Deputy Triplett could be liable for excessive force even if plaintiff committed battery, and a finding that Deputy Triplett did not use excessive force would not necessarily indicate whether plaintiff committed battery.

The Younger abstention doctrine does not apply where the criminal defendant (and federal plaintiff) seeks civil remedies in federal court that are independent of the state proceeding, even when the facts underlying the prosecution and the civil suit overlap. See Sprint, 571 U.S. at 72. The dispositive question is not whether the facts overlap, but whether the requested relief "seek[s] to enjoin" or has "the practical effect of enjoining" the ongoing state judicial proceeding. ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund, 754 F.3d 754, 758 (9th Cir. 2014).

Plaintiff does not come to federal court challenging the constitutionality of the ongoing state proceeding and he does not seek intervention of any kind in the state criminal case. Defendant, who has the burden on this motion, has not identified how the litigation of this civil case would substantially interfere with the state court criminal proceeding. Absent such interference, there is no basis for a finding that this court's exercise of its jurisdiction would have the "practical effect of enjoining" plaintiff's prosecution. See ReadyLink, 754 F.3d at 758; see also Mann, 781 F.2d at 1449 (Younger bars civil action that "would have a substantially disruptive effect upon ongoing state criminal proceedings."). Younger abstention is unwarranted.

4

**B.      Keating Discretionary Stay**

Citing Keating v. Office of Thrift Supervision, 45 F.3d 322, 324 (9th Cir. 1995), defendant argues the circumstances of this case weigh in favor of a stay. (ECF No. 15-1 at 3.) "In the absence of substantial prejudice to the rights of the parties involved, [simultaneous] parallel [civil and criminal] proceedings are unobjectionable[.]" Id. (alterations in original). "Nevertheless, a court may decide in its discretion to stay civil proceedings ... when the interests of justice seem [ ] to require such action." Id. (alterations in original) (citations and internal quotation marks omitted).

The decision whether to stay civil proceedings in the face of a parallel criminal proceeding is made in light of the particular circumstances and competing interests involved in the case. Keating, 45 F.3d at 324-25. Relevant considerations generally include the extent to which the criminal defendant's Fifth Amendment rights are implicated, and five further factors ("further Keating factors"): "(1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation." Id. (citations and internal quotation marks omitted).

As to Fifth Amendment concerns, defendant intends to depose plaintiff and ask specific questions related to the altercation. (ECF No. 15-1 at 3.) Because plaintiff is being criminally prosecuted for the same actions, defendant argues, plaintiff may invoke his right against self-incrimination to avoid answering those questions. (See id.)

Given the factual overlap between the criminal case and the civil case, plaintiff's Fifth Amendment rights are implicated because any discovery or testimony provided in this case could potentially be used against him in the criminal case. See ESG Capital Partners LP v. Statos, 22 F.Supp.3d 1042, 1046 (C.D. Cal. 2014) (Fifth Amendment is implicated when parallel proceedings are "based on the same set of facts"). If plaintiff, as a civil litigant, asserts his Fifth

5

1   Amendment right, then "an adverse inference can be drawn against him." Id. (citing Doe ex rel.
2   Rudy-Glanzer v. Glanzer, 232 F.3d 1258, 1264 (9th Cir. 2000)). On the other hand, "if [plaintiff]
3   cooperates with discovery in the civil case or gives incriminating testimony, it can be used against
4   him in the criminal trial." ESG Capital Partners LP, 22 F.Supp.3d at 1046.

5       Although the implication of Fifth Amendment rights is a significant factor to consider,
6   "[a] [criminal] defendant has no absolute right not to be forced to choose between testifying in a
7   civil matter and asserting his Fifth Amendment privilege[.]" Keating, 45 F.3d at 325-26.  Thus,
8   this circumstance alone does not compel a stay pending the outcome of a related criminal case.
9   ESG Cap. Partners LP, 22 F. Supp. 3d at 1046 (citing Keating, 45 F.3d at 326.) Notably, here,
10  plaintiff does not seek a stay based on the impact to his Fifth Amendment rights; plaintiff opposes
11  a stay. (See ECF No. 16.) Under the circumstances of this case, the court finds this factor to
12  weigh only slightly in favor of a stay.

13      As to the first further Keating factor, while plaintiff has an interest in the expeditious
14  resolution of this action, delay caused by a stay is not likely to unduly prejudice plaintiff. As to
15  the second further Keating factor, defendant identifies no particular burden imposed on defendant
16  in litigating the civil case without a stay. Skipping ahead to the fourth further Keating factor, third
17  party interests do not appear to be implicated. See, e.g., ESG Capital, 22 F. Supp.3d at 1047
18  (finding this factor neutral when neither party identified a third-party interest). The court finds
19  these three factors to be neutral.

20      The third further Keating factor, making efficient use of judicial resources, weighs against
21  a stay. Courts have recognized this factor does not normally favor granting a stay, because "the
22  court has an interest in clearing its docket." Fed. Saving & Loan Ins. Corp. v. Molinaro, 889 F.2d
23  899, 902 (9th Cir. 1989) ("Molinaro").

24      The public interest in law enforcement and in prosecution of criminal cases, generally,
25  carries weight under the fifth further Keating factor. See, e.g., Twenty First Century Corp. v.
26  LaBianca, 801 F. Supp. 1007, 1010 (E.D.N.Y. 1992). Here, defendant argues there is a risk of
27  inconsistent judgments if the case is not stayed. As set forth above, though, Deputy Triplett could
28  be liable for excessive force even if plaintiff committed battery, and a finding that Deputy Triplett

6

did not use excessive force would not necessarily indicate whether plaintiff committed battery. Thus, the court finds "the public's best interest [is] to avoid undue delay and move forward with this case." Madrid v. De La Cruz, No. 1:18-cv-0947-DAD-EPG-PC, 2019 WL 2994301, at *3 (E.D. Cal. July 9, 2019).

Parallel civil and criminal proceedings could potentially lead to preclusion issues depending on which case reaches resolution first, and how it is resolved. "But if that were enough to support a stay, stays would be the rule rather than the exception." Hatcher v. Junes, No. 2:19-cv-0793 AC P, 2021 WL 4305945, at *5 (E.D. Cal. Sept. 22, 2021). The general rule is that civil proceedings may be conducted at the same time as related criminal proceedings. See Keating, 45 F.3d at 324.

The Ninth Circuit cases cited by defendant do not support a stay. In Keating, 45 F.3d 322, due process was not violated by the denial of a stay of a civil enforcement action pending criminal proceedings when the stay was sought by the defendant facing simultaneous criminal prosecution and civil enforcement action. In Molinaro, 889 F.2d at 902, the Ninth Circuit similarly affirmed the district court's denial of a stay requested by a person subjected to simultaneous criminal and civil proceedings arising from the same alleged misconduct. See also Javier H. v. Garcia-Botello, 218 F.R.D. 72, 75 (W.D.N.Y. 2003) ("[T]he strongest case for deferring civil proceedings until after completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil action involving the same matter."). On the present record, considering the impact on plaintiff's Fifth Amendment rights along with the other Keating factors, defendant has not carried the burden to show that the interests of justice require this action to be stayed under the particular circumstances of the case.

### IV.    Conclusion

Younger abstention is unwarranted and the interests of justice do not require a discretionary stay under the particular circumstances of the case. Accordingly, IT IS HEREBY ORDERED that defendant's motion to stay (ECF No. 15) is DENIED. This ruling is without prejudice to a party seeking a temporary discretionary stay based on changed circumstances, and ////

without prejudice to a party bringing a discovery-related motion or seeking relief from the scheduling order.

Dated: October 19, 2022

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB7
hatt1206.stay.den