1

2

3

4

5

6

7                    UNITED STATES DISTRICT COURT

8              FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   ERIC DEWAYNE HATTON,                    No.  2:21-cv-1206 TLN DB P

11              Plaintiff,

12        v.                                 ORDER

13   DUSTIN TRIPLET,

14              Defendant.

15

16        Plaintiff, a county inmate proceeding pro se with a civil rights action, has requested

17   appointment of counsel. (ECF No. 18.) Attached to the request for appointment of counsel is a

18   subpoena, partially filled out by plaintiff, which the court construes as a request to have the U.S.

19   Marshal serve a subpoena on the Rio Cosumnes Correctional Center ("RCCC"). (ECF No. 18-1.)

20   **I. Appointment of Counsel**

21        The United States Supreme Court has ruled that district courts lack authority to require

22   counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490

23   U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the

24   voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d

25   1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

26        The test for exceptional circumstances requires the court to evaluate the plaintiff's

27   likelihood of success on the merits and the ability of the plaintiff to articulate his claims, pro se,

28   in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328,

1

1331 (9th Cir. 1986); <u>Weygandt v. Look</u>, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. In the present case, the court does not find the required exceptional circumstances.

**II.  Request to have the U.S. Marshal Serve a Subpoena**

Plaintiff seeks from RCCC (1) "video footage on 3-13-21 at the entry in front of J Barracks at 0800 hours" and (2) "video footage on 3-13-21 in front of Control Room 30 at 0800 hours." (ECF No. 18-1.) Plaintiff's request appears reasonably calculated to lead to the discovery of admissible evidence. However, a request for the issuance of a subpoena commanding the production of documents (or video footage) from non-parties is subject to certain requirements. Fed. R. Civ. P. 45. The court will consider granting a request for a subpoena duces tecum only if the documents (or video footage) sought from the non-party are discoverable, are not equally available to plaintiff, and are not obtainable from defendant through a request for production of documents served to defendant's counsel. Fed. R. Civ. P. 45(c); Fed. R. Civ. P. 34.

Discovery closed on October 21, 2022. On the court's own motion, the court will re-open discovery only as to the two items listed in plaintiff's request for a subpoena. If plaintiff requests these items through discovery and defendant objects to the requests, then a motion to compel is the next required step. If the court rules the items are discoverable, but defendant does not have care, custody, and control of the items, then plaintiff may seek a subpoena at that time. Alternatively, if the court rules the items sought are not discoverable, then the inquiry ends.

In short, the court will not issue the subpoena without plaintiff first following the procedure outlined above. Plaintiff and defendant shall comply with the time schedule set forth below or seek modification for good cause shown.

**III.  Conclusion and Order**

For the reasons set forth above, IT IS HEREBY ORDERED that:

1.  Plaintiff's request for the appointment of counsel (ECF No. 18) is DENIED.

2.  The subpoena attached to plaintiff's request for appointment of counsel is construed as a request for service of a subpoena by the United States Marshal (ECF No. 18-1), and so

1    construed, is DENIED without prejudice.

2         3.  Sua sponte, the court modifies the discovery and scheduling order signed on June 20,

3    2022 (ECF No. 13) as follows:

4              a.  Discovery is reopened only as to the two items for which plaintiff has sought to

5              have a subpoena served, as discussed herein.

6              b.  As to these two items, plaintiff shall serve any Request for Production of

7              Documents (or video footage) under Fed. R. Civ. P. 34 to defendant's counsel

8              within 30 days of service of this order.

9              c.  Defendant's response shall be due twenty (20) days after such a request is

10             served, instead of the forty-five (45) days for response to written discovery

11             requests provided for in the discovery and scheduling order.

12             d.  Plaintiff shall file any motion to compel on or before January 13, 2023.

13   Dated:  October 24, 2022

14

15   _____

16   DLB7
    hatt1206.31.sbt
    DEBORAH BARNES
    UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26

27

28