1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    ERIC DEWAYNE HATTON,                    No.  2:21-cv-01206 TLN DB P

12                    Plaintiff,

13          v.                                FINDINGS AND RECOMMENDATIONS

14    DUSTIN TRIPLETT,

15                    Defendants.

16

17          A recent court order was served to plaintiff by mail and returned as undeliverable. More

18    than 63 days have passed, and plaintiff has not updated his address or otherwise communicated

19    with the court.

20          It is plaintiff's responsibility to keep the court apprised of his current address at all times

21    and plaintiff was previously advised of this requirement. (See ECF No 3-1 at 2.) Pursuant to

22    Local Rule 182(f), service of documents at plaintiff's record address is fully effective. Pursuant to

23    Local Rule 183(b), "[i]f mail directed to a plaintiff in propria persona by the Clerk is returned by

24    the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within

25    sixty-three (63) days thereafter of a current address, the Court may dismiss the action without

26    prejudice for failure to prosecute."

27          The court weighs five factors in determining whether to dismiss a case for failure to

28    prosecute:

                                                   1

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.

Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992), as amended (May 22, 1992).

Here, the first three factors weigh in favor of dismissal, because this case will be delayed by plaintiff's failure to communicate with the court and because with the passage of time witnesses' memories fade and evidence becomes stale. The fifth factor also favors dismissal because there are no available less drastic alternatives. See Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988). Although the public policy favoring disposition of cases on their merits does not favor dismissal, that factor is outweighed by the other Ferdik factors. See Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal.").

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1.   This action be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b); and

2.   The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  June 6, 2023

hatt1206.nca.fr

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE